## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>             Plaintiff, )<br>                       )<br>             v. )<br>                       )<br>CLEON OTTO, JR. )<br>             Defendant. ) | Case No. 3:22-cr-0027 |

## **ORDER**

**THIS MATTER** is before the Court on Defendant Cleon Otto, Jr.'s ("Otto") unopposed motion to continue jury selection and trial, currently scheduled for August 1, 2022. (ECF No. 21.) For the reasons stated herein, the Court will extend the time to try this case up to and including January 23, 2023.

Otto seeks to have his trial continued so that he may continue plea negotiations and, if those negotiations are unsuccessful, so that his attorney may diligently prepare. It is well settled that this is a valid basis for extending the time in which a defendant must be tried under the Speedy Trial Act. *See, e.g., U.S. v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("In current federal practice, plea negotiations play a vital role. We therefore see no reason why an "ends of justice" continuance may not be granted in appropriate circumstances to permit plea negotiations to continue."). Forcing a defendant to a trial and curtailing his ability to diligently negotiate a favorable plea agreement while exposing him to a potentially harsher sentence would result in a miscarriage of justice. While this case is not particularly unusual or complex, the Court finds that extending the time in which defendants may negotiate a favorable plea agreement, and by extension extending the time in which this case must be tried, best serves the ends of justice.

Weighing the factors set forth in 18 U.S.C. § 3161, and especially considering that Otto himself seeks this continuance so that he may lessen his sentence and better allow his counsel to prepare, the Court finds that continuing this matter and extending the period within which Otto may be tried under the Speedy Trial Act best serves the interests of justice.

The premises considered, it is hereby

**ORDERED** that Patel's motion to continue, ECF No. 21, is **GRANTED**; it is further

*United States v. Otto*
Case No.: 3:22-cr-0027
Order
Page 2 of 2

**ORDERED** that the time beginning from the date of this order granting an extension through January 23, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** each file a notice indicating their readiness for trial no later than January 11, 2023; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than January 16, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than January 18, 2023;[1] and it is further

**ORDERED** that the jury selection and trial in this matter previously scheduled for August 1, 2022, is hereby **RESCHEDULED** to commence promptly at 9:00 a.m. on January 23, 2023, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy.

**Dated:** July 29, 2022                                        /s/ *Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.